IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CASE NO.

HOPE SAPP

    Plaintiff,

vs.

RAVEN PROTECTION TECHNOLOGIES, LLC
d/b/a LANAI BRIGHT and
STEVE ATTARD

    Defendants_____/

## COMPLAINT FOR DAMAGES

Hope Sapp ("Sapp") sues Defendants, Raven Protection Technologies, LLC d/b/a Lanai Bright ("Raven") and Steve Attard ("Attard") and alleges as follows:

### Jurisdiction

1. This is an action for damages which exceeds Fifty Thousand Dollars, exclusive of attorney's fees and Court costs.

2. Venue is proper in Lee County, Florida as Defendants reside and do business in Lee County, Florida.

### The Parties/Participants

3. Plaintiff, is an individual residing in Lee County, Florida and is *sui juris*.

4. Defendant, Raven, is a company doing business in Lee County, Florida where Plaintiff was an employee. At all material times hereto, Attard was an owner and officer of Raven and had operational control over same.

### General Allegations

5.	This is an action seeking recovery of unpaid overtime and/or regular compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, <u>29 U.S.C. Section 201</u>, *et. seq*, as amended and for violations of the Florida Civil Rights Act.

6.	At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7.	On many occasions throughout her employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time.

8.	On or about February 17, 2024, her employment was terminated based upon her complaints of not being paid regular time and overtime.

9.	Plaintiff has hired the undersigned law firm and has agreed to pay it a reasonable fee for its services.

10.	All conditions precedent necessary to maintain this action have been performed, waived or excused.

**<u>Count I-FLSA</u>**
**<u>(Overtime and/or Regular Time Compensation)</u>(as to All Defendants)**

11.	Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through

10 by reference.

12.In several workweeks during the relevant period, Plaintiff worked, in excess for forty(40) hours per week for Defendants.  In these workweeks, Plaintiff was not paid overtime compensation as is required by Section 207 of the FLSA.  It is also believed that Plaintiff worked regular time for which he was not paid.  Defendants also violated the FLSA in their failure to timely pay wages.

13.As a direct and proximate result of Defendants' failure to pay overtime compensation and wages, Plaintiff has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

14.Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for compensatory damages (unpaid overtime or regular time), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II- Breach of Oral Contract (Raven)

Plaintiffs reavers and realleges paragraphs 1 through 10 as if fully set forth herein and further alleges:

15.Plaintiffs and Defendant entered into an oral agreement for Plaintiff to be paid

3

certain compensation.

16. In consideration of the performance of her services, Raven was to pay Plaintiff her compensation.

17. Defendant breached the agreement with Plaintiff by failing to pay failing to pay agreed upon regular time and overtime.

18. By virtue of Defendant's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Raven for, damages together with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

**Count III  - Unjust Enrichment (Services Performed)(as to Raven**)

Plaintiff  reavers and realleges paragraphs 1 through 10 as if fully set forth herein and further alleges:

19. Plaintiff has conferred benefits and performed services for Defendant . Defendant has   knowledge of the benefits and services provided to it.

20. Defendant voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying her wages.

21. Defendant's retention of the benefits and services conferred upon it by Plaintiff would be inequitable unless Defendants pay to Plaintiff  the value of the services conferred upon it.

22. Plaintiff does not otherwise have an adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Raven for damages plus interest, court costs, attorneys' fees in accordance with Fla. Stat § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count IV-FLSA Retaliation (as to all Defendants)

Plaintiff reavers and realleges paragraphs 1 through 10 as if fully set forth herein and further alleges:

23. The employment of Plaintiff was terminated in response to Plaintiff's complaints of not being paid wages and overtime.

24. Defendants violations of the FLSA were intentional and done with reckless disregard for the rights of Plaintiff under the FLSA.

25. Plaintiff has suffered damages, emotional distress and other injuries as a result of the actions of Defendants' retaliation.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

## Demand for Jury Trial
Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
    Scott M. Behren
    Florida Bar No. 987786

6