UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOPE SAPP,

        Plaintiff,

  v.                                Case No. 2:24-cv-445-SPC-KCD

RAVEN PROTECTION
TECHNOLOGIES, LLC, STEVE
ATTARD,

        Defendants,
_____/

# ORDER

Before the Court is Plaintiff's motion to compel discovery. (Doc. 25.)[1] Defendants did not respond, and the time to do so has passed. So the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

In response to many of Plaintiff's document requests, Defendants stated that responsive documents would be produced. But, to date, nothing has been provided. (*See* Doc. 25 at 18, 20-26, 28-29.)[2] The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The exhibits to Doc. 25 are consecutive to the motion and not paginated. So the Court uses the page numbers generated by its electronic filing system.

Plaintiff tried to confer with Defendants in a good-faith effort to resolve this dispute to no avail. (Doc. 45 at 33-35.) And now Defendants failed to respond to the motion, thereby waiving any objections to the discovery or the relief sought. *See Gray v. Fla. Beverage Corp.*, No. 6:18-CV-1779-ORL-31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). Having received no response in opposition, the Court grants the motion to compel.

Plaintiff also seeks an award of attorney's fees "as a sanction for this lengthy noncompliance." (Doc. 25 at 2.) If a motion to compel is granted, as here, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Defendants did not provide the discovery and are now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v.*

*River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the opposing party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Defendants have not carried their burden. Indeed, they offer no opposition to the motion. That ends the matter—the Court "must order [them] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel (Doc. 25) is **GRANTED**.

2. **Within 10 days of this order, Defendants must produce the outstanding documents sought in Plaintiff's First Request for Production of Documents.**

3. Within 14 days of this order, the parties must also meet and confer about the expenses Plaintiff reasonably incurred in making the motion. If the parties cannot agree on a fee award, Plaintiff must submit a motion, which includes necessary supporting documents detailing her reasonable expenses, if she wishes to pursue such relief.

**ORDERED** in Fort Myers, Florida on May 8, 2025.

Kyle C. Dudek
United States Magistrate Judge